**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**SOUTHERN FORESTRY AND WILDLIFE LLC d/b/a Southern Forestry and Wildlife Real Estate** **PLAINTIFF**

**v.** **No. 2:23-cv-189-DPM**

**DON BULLARD and CROOKED BAYOU PROPERTIES LLC** **DEFENDANTS**

**ORDER**

Bullard and Crooked Bayou Properties prevailed in this contract dispute. They seek an attorney's fee and costs. Arkansas law controls the fee dispute. ARK. CODE ANN. § 16-22-308. The parties "Real Estate Showing Agreement" is silent about this possibility. But the statute allows fees nonetheless. The Court "may" award them. ARK. CODE ANN. § 16-22-308; *see also Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718 (1990); *Logue v. Seven-Hot Springs Corp.*, 926 F.2d 722, 725 (8th Cir. 1991) (Arkansas law). The Court must exercise its discretion, consider all the material circumstances, and explain its fee decision. Costs, on the other hand, are procedural, not substantive. Federal Rule of Civil Procedure 54(d)(1) and the embedded statute, 28 U.S.C. § 1920, therefore control.

Bullard and Crooked Bayou's motion for a reasonable attorney's fee is denied for three reasons.

First, Southern Forestry pressed its breach claim on the parties' murky agreement in good faith. Gann made substantial efforts to sell the Ducks and Bucks Hunting Club property. In the event, those efforts had nothing to do with the sale. His perception was that they did. It was not until the Hixson brothers were both deposed that the sworn truth was revealed. Our law should be slow to inhibit the pursuit of potentially meritorious claims.

Second, one big root of the dispute was how Bullard handled his land dealings. It's of course reasonable that a person who travels and builds roads for a living would delegate some authority to others to act in his absence. This murky agreement was made through his Club manager and wife, a bit on the fly, and without involving a lawyer. It was one of several deals the Club manager made. Bullard knew nothing of it until Gann sought his fee. This tangle was the not-unusual result of inattention to important things, a tendency to which all of us succumb from time to time.

Third, each side has incurred substantial fees. Fairness counsels that those expenses should stay where they have fallen. Each side should bear some. Having considered all the ins and outs of this dispute and the resulting case, the Court declines to shift all the

attorney's fees to the losing party. *Chrisco*, 304 Ark. at 230, 800 S.W.2d at 719; *Jones v. Abraham*, 341 Ark. 66, 80, 15 S.W.2d 310, 318–19 (2000).

Bullard and Crooked Bayou are entitled to some but not all of the sought costs. The governing federal law strictly limits this category, though it also allows recovery of standard out-of-pocket expenses (such as the travel expenses and electronic legal research fees sought here) as part of the fee. The contrary authorities cited are in civil rights cases, which rest on statutes that don't apply in this contract case. *E.g., Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008). But the Court can't take the "expenses as part of the fee" road because it has exercised its discretion not to award an attorney's fee. The deposition expenses incurred ($4,950.83) are reasonable and taxable. So is the *pro hac vice* fee ($100), plus the fee for the Texas court reporter ($250) required for Bob Hixson's remote deposition. All the depositions were necessary in this case, both for the Court to decide the cross motions for judgment and for trial if one was needed. 28 U.S.C. §1920(2). The copy expenses ($213.30) are recoverable and necessary, too. The total award of costs is $5,514.13.

Motion, *Doc. 61*, mostly denied and partly granted as specified.

So Ordered.

D.P. Marshall Jr.
D.P. Marshall Jr.
United States District Judge

13 November 2026